

FILED
SUPERIOR COURT
OF GUAM

2014 NOV 18 AM 10: 06

CLERK OF COURT
BY:


# IN THE SUPERIOR COURT OF GUAM

VICTOR C. FERNANDEZ and )
MARIE A. FERNANDEZ, )  **CIVIL CASE NO. CV0970-13**
)
     Plaintiffs, )
)  **DECISION AND ORDER**
  vs. )
)
LI, XIU YAN, WANG, JUN RONG, and )
YUN SHING GUAM, INC., )
)
     Defendants. )
                       )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Yun Shing Guam, Inc.'s motion for reconsideration, filed on August 18, 2014. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On August 7, 2014, the Court issued a Decision and Order, whereby the Court found that Defendant Yun Shing Guam, Inc. (hereinafter "YSG") failed to adequately demonstrate that they met their burden by serving Plaintiffs with a written response to a request for production of documents. (Dec. & Order, 7, Aug. 7, 2014). Finding no justification for Plaintiffs' failure, the Court sanctioned YSG. *Id.* at 8.

On August 18, 2014, YSG filed a motion for reconsideration. YSG seeks reconsideration of the August 7, 2014 Decision and Order pursuant to Rule 52 of the Guam



Rules of Civil Procedure (hereinafter "GRCP"). YSG argues that the Court made an erroneous finding that YSG failed to adequately demonstrate that they met their burden. In support of this argument, it asserts that YSG's counsel, John R. Bell, affirmatively stated that he provided Plaintiffs with responses to their request for production of documents. (Mot. Reconsideration, 3, Aug. 18, 2014). YSG attaches a declaration by John R. Bell, which includes a copy of YSG's response to Plaintiffs' First Request for Production of Documents, which is stamped-received. (Decl. of John R. Bell, Exhibit A, Aug. 14, 2014).

On August 26, 2014, Plaintiffs filed a "Reply to Motion to Reconsider and Plaintiffs' Status on Discovery." Plaintiffs fail to address YSG's motion for reconsideration, and instead state that the only material discovery issue left is the names of the employees of YSG. (Reply, 4, Aug. 26, 2014).

## DISCUSSION

### I.      Rule 52 of the Guam Rules of Civil Procedure

Rule 52(a) of the GRCP provides in part as follows: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless *clearly erroneous*, and due regard shall be given to the opportunity of the trial court to judge of [*sic*] the credibility of the witnesses." Guam R. Civ. P. 52(a) (emphasis added).

As a threshold issue relating to the viability of YSG's motion, movant fails to analyze the Court's alleged error in the applicable legal standard, that is, clear error. *See Lamb v. Hoffman*, 2008 Guam 2 ¶ 35 ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). "A finding is clearly erroneous when, even though some evidence supports it, the entire record produces a definite and firm conviction that the court . . . committed a mistake." *Guam Ethics Bar Comm. v. Maquera*, 2001 Guam 20 ¶ 15 (*quoting Yang v. Hong*, 1998 Guam 9 ¶ 4).

With respect to the substance of the motion, the basis for YSG's claim is that YSG's



counsel, John R. Bell, affirmatively stated through a declaration that he provided Plaintiffs with responses to their Request for Production of Documents. (Mot. Reconsideration, 3, Aug. 18, 2014). YSG also provides the Court with a copy of what purports to be YSG's stamp-received response to Plaintiff's First Request for Production of Documents. (Decl. of John R. Bell, Exhibit A, Aug. 14, 2014).

However, YSG failed to present the declaration or the stamp-received document as evidence that it served Plaintiffs with a response in the opposition to the motion to compel, filed on May 19, 2014. YSG admits that Plaintiffs alleged in their motion to compel that YSG failed to answer the request for production. (Mot. Compel, 2, Apr. 21, 2014); (Mot. Reconsideration, 3, Aug. 18, 2014). Thus it had the opportunity to defend itself by submitting the declaration of John R. Bell and/or YSG's stamp-received response to Plaintiff's First Request for Production of Documents. YSG failed to do so and fails here to provide a reason why the declaration or the document was not presented to the Court in the earlier proceeding.

The Court does not find its previous decision that YSG "failed to adequately demonstrate that they met their burden by serving Plaintiffs with a written response" and finding "no justification for [YSG's] failure to serve Plaintiffs a response to Plaintiff's First Request for Production of Documents" were clear error. The declaration of John R. Bell and the stamp-received response were not provided to the Court for consideration in the earlier proceeding that led to the August 7, 2014 Decision and Order. YSG's error in failing to adequately defend a claim is not the Court's error.

The Court's decision is consistent with the other rules of GRCP that allow for reconsideration of a Court's decision based on *newly discovered evidence* which could not have been discovered previously. *See* Guam R. Civ. P. 60(b)(2). The declaration and the stamp-received response are not newly discovered evidence – they are simply evidentiary items that YSG failed to present in a timely manner for their defense.

///

///

///

## CONCLUSION

Based on the foregoing, Defendant Yun Shing Guam, Inc.'s motion for reconsideration is hereby DENIED.

SO ORDERED this ___18TH___ day of November, 2014.

_____
HON. JAMES L. CANTO II
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: W. Pole;
Torres Law Group
Date: 11/18/14 Time: 10:10 a

Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Date: Time:
Deputy Clerk, Superior Court of Guam

ORIGINAL